[Doc. No. 123]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE JOSEPH E. IRENAS

| | |
|---|---|
| SARAH DAVIS, Administatrix ad Prosequendum, et al., | |
| Plaintiffs, | Civil No. 02-3659 (JEI) |
| v. | |
| TOWNSHIP OF PAULSBORO, et al., | |
| Defendants. | **OPINION** |

**APPEARANCES:**

Marshall L. Williams, Esq.
1201 Sansom Street, Third Floor
Philadelphia, PA 19107
      *Counsel for Plaintiffs*

Allan E. Richardson, Esq.
Velahos, Pastor, Richardson LLC
49 Newton Street
Woodbury, NJ 08096-7358
      *Counsel for Defendants, Paulsboro Police Officers*

Lisa B. Baughman, Esq.
Yves C. Veenstra, Esq.
Parker, McCay & Criscuolo
Three Greentree Centre
Route 73 & Greentree Road
Suite 401
Marlton, NJ 08053
      *Counsel for Defendant Underwood Memorial Hospital*

Edward N. Romanik, Esq.
James R. Birchmeier, Esq.
Powell, Birchmeier, & Powell
1891 State Highway 50
P.O. Box 582
Tuckahoe, NJ 08250-0582
      *Counsel for Defendants, Township of Paulsboro, New Jersey
      and Kenneth Ridinger Paulsboro Chief of Police*

1

E. Carr Cornog, III, Esq.
Victor A. Rotolo, Esq.
Rotolo & Midlige
2200 Route 31, Suite 12
Lebanon, NJ 08833
    *Counsel for Defendants, County of Gloucester, New Jersey,*
    *and Charles Gill, Jr., Gloucester County Sheriff*

Charles B. Austermuhl, Esq.
Blumberg & Lindner, LLC
158 Delaware Street
P.O. Box 68
Woodbury, NJ 08096
    *Counsel for Defendant Dr. Richard Arriviello*


**DONIO, MAGISTRATE JUDGE:**

This matter comes before the Court upon the motion of Plaintiffs requesting leave to file a Fourth Amended Complaint.[1] Specifically, Plaintiffs seek to replace fictitiously named Defendants in the Third Amended Complaint by affirmatively identifying Donald Grey, Kimberley Reichert and Emergency Physician Services (hereafter "EPS") as Defendants in this matter. Plaintiffs also seek to add claims for wrongful death and survival. The Court has considered the moving papers and the opposition thereto, and for the reasons set forth below and for good cause shown, the Court will grant in part and deny in part Plaintiffs' motion.

**I. Background**

The facts underlying this case have been set forth in the Court's Opinion dated November 14, 2003 and the Court will therefore only recount those facts pertinent to the instant

---

1. By Order dated April 21, 2005, the Court granted Plaintiffs' motion for substitution.

dispute.  Plaintiffs have been granted leave to amend the complaint on several occasions.  The Court last granted leave to file a Third Amended Complaint on November 14, 2003, and Plaintiffs filed their Third Amended Complaint on December 5, 2003.  Plaintiffs now assert that leave to amend to file a Fourth Amended Complaint would be properly granted under Federal Rules of Civil Procedure 15(a) and 20(a).  See Brief in Support of Plaintiffs' Motion to File Fourth Amended Complaint (hereafter "Pl. Br.") at 2-3.  With respect to the individuals and entity that Plaintiffs seek to add as Defendants, Plaintiffs state that the "true names and conduct of the said defendants did not become known to plaintiffs until recently."  See Motion to Amend Complaint (hereafter "Pl. Motion"), at ¶ 4.  Specifically, Plaintiffs allege that they were only made aware of the identities of these potential defendants after depositions completed on December 21, 2004.  See Pl. Br. at 3-4. Because discovery has purportedly "adduced evidence not previously fully pled by plaintiff," Plaintiffs seek to amend the complaint pursuant to Fed.R.Civ.P. 15(c).  Id. at 5.  In addition, since Plaintiff Ernest Davis died on October 15, 2004, Plaintiffs now state that claims for wrongful death and survival are "reasonable" and should be added to the complaint at this time.  Id. at 4. Finally, Plaintiffs assert that there is no prejudice to Defendants in amending the complaint.  Pl. Motion at ¶ 13.  Defendants, however, oppose the motion on numerous grounds, including that the claims against the potential Defendants at this time are barred by the statute of limitations and that the amendments cannot relate

back to the original complaint under Fed.R.Civ.P. 15(c), that they will be prejudiced by adding claims for wrongful death and survival, and that the proposed claims are futile as a matter of law.

## II. Discussion

The Federal Rules of Civil Procedure generally encourage and provide for a liberal policy for amending pleadings. Under Fed.R.Civ.P. 15(a), leave to amend pleadings "shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be `freely given.'

Foman, 371 U.S. at 182; see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).

A "trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.' . . . In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson International, Inc. v. F.D. Rich Housing of the Virgin

Islands, 663 F.2d 419, 425 (3d Cir. 1981), cert. denied 455 U.S. 1018 (1982)(citing Cornell & Co., Inc. v. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)); see also Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).

**A.   Plaintiffs' Proposed Amendment to Specifically Identify Donald Grey, Kimberley Reichert and EPS as Defendants.**

For the reasons that follow, the Court finds that the statute of limitations has expired as to the claims set forth in the Third Amended Complaint that Plaintiffs seek to assert against the proposed Defendants and the Court also finds that Plaintiffs do not meet the fictitious pleading requirements for these proposed Defendants.   Moreover, the Court finds that Plaintiffs do not meet the relation back standards for such claims.   Consequently, as the claims are time-barred, the claims are futile for amendment purposes and the motion to amend to specifically name Grey, Reichert and EPS as Defendants to the claims pled in the Third Amended Complaint is denied.

The incidents and actions giving rise to Plaintiffs' allegations occurred on August 13, 2000, and consequently the causes of action in the Third Amended Complaint would generally have accrued from that date.   However, Plaintiffs have alleged in connection with their opposition to the Gloucester County Defendants' cross-motion for judgment on the pleadings filed on February 18, 2005 that as a result of the August 13, 2000 incident, Plaintiff Ernest Davis was rendered unconscious and remained in a comatose state until October 26, 2000.   See Brief in Opposition to Defendant Gloucester County's Cross-Motion to Dismiss at 8.

Consequently, for purposes of this motion to amend, the Court will treat October 26, 2000 as the date when the statute of limitations began to accrue.  Id.  The statute of limitations for a personal injury claim under New Jersey law is two years, and the limitations period for Plaintiffs' state law claims thus expired no later than October 26, 2002.  See N.J. Stat. Ann. § 2A:14-2. The statute of limitations also expired as to Plaintiffs' claims under 42 U.S.C. §§ 1395dd(d)(2)(A) and (d)(3)(A)[2] no later than October 26, 2002, as the statute expressly states that no action may be brought under this paragraph more than two years after the date of the alleged violation.  See 42 U.S.C. § 1395dd(d)(2)(C).  The statute of limitations for a section 1986 claim is one year from the date the cause of action accrued and thus expired no later than October 26, 2001.  See 42 U.S.C. § 1986.  The remaining federal civil rights laws which Plaintiffs assert have been violated do not contain their own limitation provisions.  Consequently, pursuant to Section 1988[3] and relevant case law, New Jersey's two year statute of limitations for personal injury actions governs and therefore the limitations periods for these claims expired no later than October

---

2.  In their complaint, Plaintiffs refer to this subsection as the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). However, COBRA is enacted at 29 U.S.C. § 1161 et seq., and Plaintiffs have rather cited a subsection of the Emergency Medical Treatment and Active Labor Act ("EMTALA").

3.  Section 1988 does not itself give rise to a cause of action but rather provides that where there is no federal law governing a particular issue, state law shall govern to the extent it is consistent with the Constitution and laws of the United States. See 42 U.S.C. § 1988(a).

26, 2002.  See Getchey v. County of Northumberland, 120 Fed. Appx. 895, 897-98 (3d Cir. 2005)(in federal civil rights cases the Court should "look to the general, residual statute of limitations for personal injury actions.")(internal citations omitted); see also Dole v. Local 427, Internat'l Union of Electrical, Radio and Machine Workers, 894 F.2d 607, 619 (3d Cir. 1988)("In order to settle upon the most appropriate statute of limitations, the most suitable analogy is to be found in those Supreme Court cases that have steadfastly applied state personal injury statutes of limitation whenever a statutory violation of 42 U.S.C. §§ 1981, 1983, or 1985 has occurred").[4]

An amendment adding a claim against a party after the statute of limitations has expired would be "futile" as being subject to dismissal on motion by the opposing party, unless the amendment relates back to the date of the filing of the original complaint under Fed.R.Civ.P. 15(c).  The Rule provides in pertinent part:

---

[4]. The Court notes that 28 U.S.C. § 1658, enacted in 1990, provides a four-year statute of limitations for all causes of action arising under an act of Congress enacted after December 1, 1990 which do not otherwise contain their own limitations provision.  28 U.S.C. § 1658.  However, this four-year limitations provision is not applicable to Plaintiffs' causes of action in this case, as their claims for excessive force were not created by any post-1990 amendments to the statutes.  See Jones v. R.R. Donnelly and Sons Co., 541 U.S. 369, 124 S. Ct. 1836, 1846, 158 L. Ed. 2d 645, 657 (2004)(holding that claims under § 1981 for hostile work environment, wrongful termination, and failure-to-transfer were subject to the four-year limitations provision because the claims "did not allege a violation of the pre-1990 version of § 1981 but did allege violations" of the statute as amended in 1991 that enlarged the category of conduct "subject to § 1981 liability.").

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).  In this instance, since Plaintiffs seek leave to amend their complaint to specifically identify defendants after the statute of limitations expired, Rule 15(c) governs.  Although the Court set forth at length in its Opinion dated November 14, 2003 the law regarding relation back with respect to Plaintiffs' previous motion to specifically identify a fictitiously named Defendant, Plaintiffs do not address in the present motion papers how the instant attempt to replace additional fictitiously named Defendants has any basis in law.  As the Court sets forth herein, Plaintiffs' motion will be denied under Fed.R.Civ.P. 15(c) because the amendments do not "relate back" to the original complaint.

      1.   <u>Relation Back with Respect to Claims against Proposed Defendant Officer Donald Grey</u>

Fed.R.Civ.P. 15(c)(1) permits a claim to relate back to the original complaint if relation back is permitted by the law

providing the statute of limitations applicable to that claim.  In this instance, as set forth above, New Jersey law provides the statute of limitations for Plaintiffs' claims against Officer Grey under 42 U.S.C. §§ 1981, 1983, 1985 and Plaintiffs' state law claims, while federal law provides the statute of limitations for Plaintiffs' claim under 42 U.S.C. § 1986.  Accordingly, the Court must determine whether New Jersey law would permit relation back with respect to Plaintiffs' proposed claims governed by the New Jersey statute of limitations against Officer Grey, and if not whether relation back is permitted under Fed.R.Civ.P. 15(c)(3), as well as whether Rule 15(c)(3) permits relation back for the federal claims.  See Jordan v. Tapper, 143 F.R.D. 575, 581 (D.N.J. 1992), appeal denied, 143 F.R.D. 567 (D.N.J. 1992).

a.   Relation Back under New Jersey Law

The New Jersey rule on relation back is set forth at Rule 4:9-3.  N.J. Rule 4:9-3 provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading; but the court, in addition to its power to allow amendments may, upon terms, permit the statement of a new or different claim or defense in the pleading.  An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment.

R. 4:9-3.  In Farrell v. Votator Div. of Chemetron Corp., 62 N.J.

111, 116-17, 299 A.2d 394 (1973), the New Jersey Supreme Court explained the reasoning behind the relation back doctrine:

> When a plaintiff knows or has reason to know that he has a cause of action against an identifiable defendant and voluntarily sleeps on his rights so long as to permit the customary period of limitations to expire, the pertinent considerations of individual justice as well as the broader considerations of repose, coincide to bar his action.

62 N.J. at 115, 299 A.2d at 396.  In cases in which a plaintiff identified fictitious defendants in the complaint, New Jersey law also permits the plaintiff to add new parties despite the expiration of the statute of limitations.  New Jersey Rule 4:26-4 governs fictitious pleading and states:

> In any action . . . other than an action governed by R. 4:4-5 . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and <u>adding an appropriate description sufficient for identification</u>.  Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

R. 4:26-4 (emphasis added).[5]  "Although Rule 4:9-3 and Rule 4:26-4 both permit an amended pleading to relate back to an earlier one, one difference between the two Rules is that the fictitious-party practice authorized by Rule 4:26-4 expressly contemplates the filing of an amended complaint."  Cruz v. City of Camden, 898 F. Supp. 1100, 1107 (D.N.J. 1995).

---

5.  The Court notes that Plaintiffs here have not filed an affidavit stating the manner in which the information was obtained to enable them to specifically identify the proposed Defendants as required by R. 4:26-4.

The Court will first address whether relation back is permitted under Rule 4:26-4, the fictitious pleading rule. Under this rule, the Court must determine whether plaintiff did not know the true identity of the defendant at the time the complaint was filed. Marion v. Borough of Manasquan, 231 N.J. Super. 320, 334, 555 A.2d 699 (App. Div. 1989). In addition, the Court must determine whether the plaintiffs "exercised due diligence to ascertain the defendant's true name before and after filing the complaint." DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004)(citing Farrell, 62 N.J. at 115, 229 A.2d at 396). Thus, if in the exercise of due diligence the plaintiffs should have known the identity of the defendant prior to the expiration of the statute of limitations, the fictitious pleading rule is of no avail. DeRienzo, 357 F.3d at 353 (citing Mears v. Sandoz Pharms., Inc., 300 N.J. Super. 622, 693 A.2d 558 (1997)). Moreover, "the fictitious name designation also must have appended to it 'an appropriate description sufficient to identify' the defendant." DeRienzo, 357 F.3d at 353 (quoting Rutkowski v. Liberty Mut. Ins. Co., 209 N.J. Super. 140, 506 A.2d 1302 (1986)). Finally, the fictitious pleading rule is not available if the proposed defendant is prejudiced by the delay in its identification as a party. DeRienzo, 357 F.3d at 353-54 (citing Farrell, 62 N.J. at 122-23, 299 A.2d at 400)).

The first issue for the Court therefore is whether the true identity of Officer Grey was "unknown" to Plaintiffs at the time they filed the complaint. Counsel for the Paulsboro Police

Officers does not contend that the identity of Officer Grey was known to Plaintiffs in July 2002 and acknowledges that Patrolman Grey "is not mentioned in the reports generated by the Paulsboro police department concerning this incident with plaintiff," nor is he "mentioned by any of the many officers deposed since this litigation began."  See Letter Brief of Allan E. Richardson, Esquire, in Opposition to Plaintiffs' Motion to Amend dated February 21, 2005 (hereafter "Paulsboro Def. Letter Br.") at 2. Consequently, the Court finds that Plaintiffs may not have known the identity of Officer Grey when they filed the original complaint on July 30, 2002. The Court also finds that the identity of Officer Grey may have been unknown to Plaintiffs prior to the expiration of the statutes of limitation no later than October 26, 2002.

The Court, however, finds that under New Jersey law, Plaintiffs have not met the second prong of the fictitious pleading rule, as they did not make diligent efforts to ascertain Officer Grey's identity.  "After filing a complaint which includes a fictitious defendant, plaintiff is required to proceed diligently to amend the complaint without prejudice to the defendant to be joined." Stegmeier v. St. Elizabeth Hospital, 239 N.J. Super. 475, 484, 571 A.2d 1006 (App. Div. 1990); see also Johnston v. Muhlenberg Regional Medical Center, 326 N.J. Super. 203, 740 A.2d 1122 (App. Div. 1999).  In Johnston, the plaintiff filed a medical malpractice action naming several defendants along with several fictitious defendants. Id. at 204; 740 A.2d at 1123.  The plaintiff had in her possession medical records that contained the signature,

although illegible, of a Dr. Guha.  Id. at 205; 740 A.2d at 1123.
Four months after receiving responses to interrogatories from one
defendant identifying Dr. Guha as a doctor who participated in the
treatment of the decedent, the plaintiff filed a motion to amend
specifically identifying Dr. Guha as one of the fictitiously named
defendants on the basis of the information contained in the
interrogatory answer.  Id.  The Court agreed with the trial judge
in finding that the plaintiff had not shown due diligence in
attempting to learn the identity of Dr. Guha after filing the
complaint.  Id. at 206-07; 740 A.2d at 1124.  The plaintiff's
failure to follow up on this information until a year after the
complaint was filed and four months after Dr. Guha's name was
specifically provided in response to an interrogatory led the Court
to conclude that the claim against Dr. Guha was time-barred.  326
N.J. Super. at 207-08; 740 A.2d at 1124-25; see also Mears, 300
N.J. Super. at 631-32, 693 A.2d at 563 (rejecting relation back
where a "simple inquiry" by plaintiff's counsel to defendants would
have led to the identification of the added defendant).

Similarly, here, the Court finds that Plaintiffs did not make
"diligent efforts" to amend their complaint upon learning the
identity of Officer Grey.  Plaintiffs assert in their original
moving papers that "[s]everal depositions have been recently
commenced or completed on or about December 21, 2004.  As a result,
allegations have been pleaded in the fourth [amended complaint.]".
See Pl. Br. at 3.  Plaintiffs further state in their reply papers
that they only "became aware of the identity, conduct [sic] acts

and omission of Daniel Gray . . . during the deposition of
Paulsboro Police Chief Kenneth Ridinger in or about October 2004."
See Certification of Marshall L. Williams, Esquire, in Support of
Plaintiffs' Motion to Amend Complaint (hereafter "Williams Cert.")
at ¶ 2. Defendant contends that Officer Grey's name surfaced in
discovery through testimony provided by Defendant Bernard Davis at
his deposition on May 21, 2004. See Paulsboro Def. Letter Br. at
2; see also Transcript of Deposition of Bernard Davis at 32:15-19,
attached to Paulsboro Def. Letter Br. While the Court notes that
this reference does not appear to indicate that Officer Grey played
a role in the arrest of Plaintiff Ernest Davis, the record
demonstrates that Plaintiffs learned the identity of Officer Grey
at least as early as May 2004. Plaintiffs, moreover, do not
articulate what information was learned at the Ridinger deposition
that gives rise to their belief that Officer Grey is an
appropriately-named defendant in this matter. See Plaintiffs'
Reply Brief to Defendants' Opposition to Plaintiffs' Motion to File
Fourth Amended Complaint (hereafter "Pl. Reply Br.") at 19. Having
reviewed the submissions of the parties, the Court concludes that
Plaintiffs fail to meet the second prong of the fictitious pleading
rule, as Plaintiffs have not demonstrated that they quickly moved
to amend their complaint.

Moreover, the Court finds that Plaintiffs fail to meet the
third requirement for fictitious pleading because the complaint
does not contain an appropriate description sufficient for
identification of Officer Grey specifically. In Cruz, the Court

14

held that the descriptions "'individuals responsible for the safekeeping and supervision of the prison'" and "'individuals who, at all times relevant to this action, were employed by defendant City of Camden as police officers'" were insufficient to meet the requirement of R. 4:26-4 and did not provide notice to the proposed defendants. Cruz, 898 F. Supp. at 1108-10. The Court also noted, "Considering the multitude of prisoners and detainees received and processed by the many police officers involved in an arrest, it would be hard to conceive that the language of the complaint adequately notified [the proposed defendants] that a lawsuit would be initiated against them. Unlike a designation such as 'Warden' which connotes only one person, the phrase 'Police Officer' encompasses many more possible actors." Id. However, the Court found that the complaint sufficiently described some individual officers sought to be added as defendants. For example, the complaint alleged that a strip search was performed on a particular date by "'three corrections officers [who] performed a cavity search upon the plaintiff.'" Id. at 1109. The Court stated that the officers could have consulted the log book to determine whether they performed the search on the specific date alleged, and the Court thus granted the motion to amend as to these officers. Id.

In the present case, Plaintiffs' original complaint names "Officer John Doe," which Plaintiffs seek to replace with Officer Grey, and the officer is described as "a police officer for the Township of Paulsboro, NJ" and as an "agent, servant, or employee of the Township of Paulsboro Police Department at all relevant

15

times."  See Complaint at ¶ 10.   These descriptions alone are insufficient to identify Officer Grey specifically.  The complaint further alleges that defendants Jane Doe and John Doe are collectively "officials, agents or employees of the Township of Paulsboro, GCJ or GCSD and acted with -- or made possible through their knowledge and silent complicity -- the events describe below despite a duty to prevent same."  Id. at ¶ 14.   The complaint alleges that defendants Jane Doe and John Doe intentionally taunted and threatened Plaintiff Ernest Davis and endeavored to cause Plaintiff to verbally react to them, that defendants Jane Doe and John Doe beat Plaintiff about his head, face and upper body when, if at all, Plaintiff so reacted to them, and that defendants Jane Doe and John Doe threw Plaintiff into a holding facility.  Id. at ¶¶ 42-44.   In so alleging, however, the complaint does not attribute any particular conduct to a police officer and rather alleges this conduct by all fictitious defendants, who include all "officials, agents or employees of the Township of Paulsboro, GCJ or GCSD," id. at ¶ 14, nor do Plaintiffs describe a specific act for which Officer Grey may have known he was responsible.[6]  The Court therefore finds that the above description is insufficient

---

6.  The Court notes that Plaintiffs also have not attributed a specific act to Officer Grey in their proposed Fourth Amended Complaint, and the paragraphs alleging that Plaintiff was taunted, beaten, and thrown into a holding facility name only individual officers other than Officer Grey, as well as John and Jane Does.  See Proposed Fourth Amended Complaint at ¶¶ 113-15. The remaining paragraphs in the original complaint do not allege any specific conduct sufficient to identify an individual officer.

for identification of Officer Grey as a party to Plaintiffs'
complaint and fails to put him on notice that Plaintiffs might have
a claim against him.  Consequently, Plaintiffs have not met their
burden of demonstrating that this prong is satisfied.

Finally, with regard to whether the delay in amending the
complaint has prejudiced Officer Grey, the Court notes that "the
New Jersey Supreme Court has not indicated whether the passage of
time alone can prejudice a newly-named defendant[.]" DeRienzo, 357
F.3d at 356.  In Farrell, the Court stated that certain factors
that may cause prejudice include loss of evidence, impairment of
ability to defend a case, or advantage to the plaintiff.  Farrell,
62 N.J. at 122, 299 A.2d at 394.  Several New Jersey appellate
courts have held that the passage of time in itself constitutes
prejudice.  See, e.g., Johnston, 740 A.2d at 1125; Mears, 693 A.3d
at 562-63.  The District Court has also stated that a fictitiously
named party may be prejudiced if he or she does not receive proper
notice of the lawsuit.  Cruz, 898 F. Supp. at 1108.  No party
addresses prejudice here.  The Court finds that Plaintiffs' failure
to identify Officer Grey prior to the expiration of the statute of
limitations, as well as their failure to diligently amend the
complaint to add Officer Grey upon learning his identity,
constitutes prejudice to the extent that delay alone is prejudice,
particularly since almost five years have passed since the
occurrence of the incident giving rise to the claims against the
officer.  However, even assuming that prejudice for fictitious
pleading purposes requires  a loss of evidence or an impairment to

the proposed defendant to defend -- factors not asserted here -- Plaintiffs' failure to sufficiently describe Officer Grey in the original complaint and failure to demonstrate diligence in seeking to amend their complaint bar Plaintiffs' claims from proceeding after the expiration of the statute of limitations under the fictitious pleading rule.

Having found that Plaintiffs' claims may not proceed under the fictitious pleading rule, the Court must now determine whether relation back of the claims is permitted under New Jersey's general relation-back rule, Rule 4:9-3.  This rule requires a plaintiff to satisfy three conditions: (1) the claim asserted in the amended complaint must arise out of the conduct, transaction, or occurrence alleged or sought to be alleged in the original complaint; (2) the new defendant must have received notice of the institution of the action before the statute of limitations expired, so as not to be prejudiced in maintaining his or her defense; and (3) the new defendant must have known or should have known that, but for the misidentification of the proper party, the action would have been brought against him or her.  <u>Viviano v. CBS, Inc.</u>, 101 N.J. 538, 553, 503 A.2d 296 (1986).  If actual notice is not given to the parties, as yet unidentified specifically by the plaintiff, constructive notice may be given through sufficient description of the parties to be identified and description of the allegations against them.  <u>Arroyo v. Pleasant Garden Apartments</u>, 14 F. Supp. 2d 696, 701 (D.N.J. 1998).  Moreover, a plaintiff seeking to add a defendant after the expiration of the statute of limitations bears

18

the burden of proving that a proposed party received notice of such claims within the statutory period.  Id.

The proposed claims against Officer Grey appear to arise out of the same occurrence as alleged in Plaintiffs' original complaint, and thus the first prong under relation back is satisfied.  With respect to the notification prong, Plaintiffs do not contend that Officer Grey had actual knowledge of the claims against him prior to the running of the statute of limitations, nor do they allege constructive knowledge of the claims.  As the Court has no other basis to conclude that the proposed Defendant had actual notice of the potential claims against him, the Court must determine whether the description in the original complaint would have provided notice of such claims.[7]  Arroyo, 14 F. Supp. 2d at

---

7.  Plaintiffs contend in their reply brief, without any citation to relevant authority, that the Court should look to the Third Amended Complaint for relation back purposes.  Pl. Reply Br. 16. However, both the New Jersey and federal relation back rules by their express terms require that the Court look to conduct set forth or attempted to be set forth in the original pleading so that the amendment relates back to the date of the original pleading. See Fed.R.Civ.P. 15(c)(2)(an amendment relates back if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."); New Jersey Rule 4:9-3 ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading[.]"); see also Blatt v. Merrill Lynch, Pierce, Fenner & Smith Inc., 916 F. Supp. 1343, 1351 (D.N.J. 1996)(claims first alleged in Second Amended Complaint relate back to original complaint because original pleading provided notice of asserted claims). Furthermore, even assuming that the Court could consider any pleading filed prior to the expiration of the statute of limitations, Plaintiffs here did not file their first amended complaint until December 16, 2002, and the statute of limitations had already expired by that time.

701.  As set forth above, the Court has determined that the description of "Officer John Doe" and the allegations against the fictitious party are insufficiently specific to identify Officer Grey, and therefore the Court finds that Plaintiffs' complaint fails to provide constructive notice of Plaintiffs' claims.

The Third Circuit has held, regarding the similar notice and identification provisions in the federal rule, that "[w]here there is a basis for the plaintiff to assert liability against the party or parties named in a complaint and there is no reason for another party to believe that the plaintiff did anything other than make a deliberate choice between potential defendants, courts have consistently held that the third requirement of Rule 15(c) is not met." Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1183 (3d Cir. 1994).  Analogizing from this principle in the federal rule, the District Court in New Jersey has indicated that the same reasoning applies to New Jersey Rule 4:9-3.  See Slater v. Skyhawk Transportation, Inc., 187 F.R.D. 185, 196-97 (D.N.J. 1999)(finding that there must be understanding by the defendant, under the federal rule, that a plaintiff meant to identify the defendant specifically and did not merely identify other parties instead as a tactical choice to exclude that defendant from suit, stating that the same requirement held under the similar notice and mistake factors of the New Jersey relation back rule).  Plaintiffs in this case asserted claims against named and unidentified Paulsboro police officers for their involvement in Plaintiff's treatment and did not choose to amend the complaint to include Officer Grey until

January 26, 2005. Thus, Officer Grey may have been led to believe that Plaintiffs simply made a "deliberate choice between potential defendants" and chose to sue others. Consequently, Plaintiffs have not met their burden of demonstrating that the second prong under Rule 4:9-3 is satisfied here. Moreover, due to the insufficient description of the fictitious defendant as set forth <u>supra</u>, Officer Grey could not have known that but for a mistake concerning his identity he would be subject to suit, nor do Plaintiffs allege any mistake regarding the identification of the parties. <u>See</u> <u>R.</u> 4:9-3 (an amendment specifically identifying a party may be permitted if that party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by amendment."). Therefore, the Court finds that relation back is not permitted under New Jersey law with respect to Officer Grey.

### b. Relation Back under Federal Law

Having found that Plaintiffs' claims are not permitted under the fictitious pleading rule or the New Jersey relation back rule, the Court must now determine whether relation back is permitted under the federal relation back rule. Fed.R.Civ.P. 15(c)(3); <u>see</u> <u>Cruz</u>, 898 F. Supp. at 1110. As discussed above, the claims asserted in the amended pleading arise out of the arrest and subsequent treatment of Ernest Davis on August 13, 2000 alleged in the original pleading, and consequently the Rule 15(c)(2) prong of Rule 15(c)(3) is satisfied. However, the Court finds that the remaining prong of Rule 15(c)(3) is not met. This subsection

imposes the same three conditions as New Jersey Rule 4:9-3, except that the parties sought to be joined must have notice of the claims within 120 days from the filing of the complaint rather than within the statute of limitations as required under the New Jersey Rule. Here, in order to comply with the time limitation of 15(c)(3), Plaintiffs would have had to give notice to Officer Grey by the end of November 2002, and Plaintiffs have not demonstrated that such notice was timely provided.  As set forth above, the Court does not find that Officer Grey had constructive notice of the claims prior to November 2002 and, because he did not have notice of the claims, he could not have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.  Moreover, Plaintiffs have in no way indicated or attempted to assert that their failure to include this proposed Defendant is the result of a mistake.  In this regard, Plaintiffs have not met their burden of proving relation back applies to any of Plaintiffs' claims against Officer Grey under Rule 15(c)(3).

      2.   Relation Back with Respect to Claims against Proposed Defendant Officer Kimberley Reichert

Plaintiffs seek to specifically identify Officer Kimberley Reichert as a defendant in this matter and assert the same claims against Officer Reichert as they attempt to assert against Officer Grey.  Therefore, the law set forth above with respect to Officer Grey is similarly applicable to Plaintiffs' attempt to name Officer Reichert in this litigation.

      a.   Relation Back under New Jersey Law

Because the statutes of limitation have expired on the claims

in the Third Amended Complaint that Plaintiffs seek to assert against Officer Reichert, the Court must first determine whether Plaintiffs can avail themselves of the fictitious pleading rule under New Jersey law.  With regard to the first prong, the Court must decide whether the true identity of Officer Reichert was "unknown" to Plaintiffs at the time they filed their original complaint to determine whether fictitious pleading as to this defendant was proper.  Officer Reichert is identified in the initial disclosures produced to Plaintiffs on April 7, 2003. <u>See</u> Certification of E. Carr Cornog III, Esquire, in Opposition to Plaintiffs' Motion to File Fourth Amended Complaint (hereafter "Cornog Cert.") at ¶¶ 13-14.  However, the Court cannot conclude based on this information that Plaintiffs should have known Officer Reichert's identity at the time the original complaint was filed in July 2002, nor does counsel for the Gloucester County Defendants assert that Plaintiffs knew or should have known the identity of Officer Reichert at that time. <u>See</u> Brief in Support of Defendants' Opposition to Plaintiffs' Motion to File Fourth Amended Complaint (hereafter "Gloucester County Def. Br.") at 10.

However, once Plaintiffs learned the identity of Officer Reichert, they did not act diligently in seeking to amend their complaint. Officer Reichert is identified in the initial disclosures as a witness who is likely have discoverable information with regard to this matter, and she is also named as the arresting officer on the Gloucester County Prison Detainer Sheet, both of which were provided to Plaintiffs on April 7, 2003.

See Cornog Cert. at ¶¶ 13-14.  The Court also notes correspondence between counsel for the Gloucester County Defendants and Plaintiffs' counsel dated May 19, 2003 in which the full name of Officer Reichert was provided in response to a request by Plaintiffs' counsel.  Id. at ¶ 15.  In addition, on May 28, 2003, Plaintiffs were provided with the Operation Report of Officer Reichert describing her role in the transportation of Ernest Davis on August 13, 2000.  Id. at ¶ 16.  Finally, Officer Reichert was deposed as a fact witness on April 26, 2004.  Id. at ¶ 22.  Despite the discovery identifying Officer Reichert in this matter, Plaintiffs did not move to add her as a Defendant when they sought leave to file a Third Amended Complaint on July 30, 2003, nor did they promptly move to assert claims after her April 26, 2004 deposition.  In seeking leave to specifically name Officer Reichert as a Defendant almost two years after obtaining documents that identified her role in this matter and more than nine months after taking Officer Reichert's deposition, Plaintiffs have failed to demonstrate due diligence in specifically identifying Officer Reichert and moving to amend the complaint to add her as a party.[8]

With regard to the third prong, the Court finds that Plaintiffs' original complaint does not contain an appropriate description of Officer Reichert sufficient for her identification.

8.  The Court notes that Plaintiffs dispute that they knew or should have known that Officer Reichert was involved in the incident on August 13, 2000.  However, in light of the discovery served identifying Officer Reichert and Plaintiffs' deposition of Officer Reichert in April 2004, the Court rejects Plaintiffs' assertion that despite diligent efforts Plaintiffs have only recently been able to identify the officer.

The complaint describes "Deputy Sheriff Jane Doe" as "a law enforcement officer" who was "an agent, servant, or employee of Gloucester County Jail." See Complaint at ¶ 13. In addition, the complaint contains no allegations of conduct by Deputy Sheriff Jane Doe that would specifically identify Officer Reichert. The paragraph alleging conduct by Jane Doe and John Doe defendants that the Court already found insufficient to identify Officer Grey is similarly insufficient to identify Officer Reichert and to put her on notice of Plaintiffs' claims against her.[9]   Consequently, Plaintiffs have not met their burden of demonstrating that this prong is satisfied.

Finally, in considering prejudice, the Court notes that the description of the fictitious party "Deputy Sheriff Jane Doe" is insufficient to put Officer Reichert on notice of the potential claims, and she would therefore be prejudiced by permitting the claims to proceed at this time. See Cruz, 898 F. Supp. at 1108-09. Moreover, in Padilla v. Township of Cherry Hill, 110 Fed. Appx. 272, 278 (3d Cir. 2004), the Third Circuit stated that "[b]eing deposed [as a fact witness] without the benefit of counsel and subsequently being named as a defendant constitutes undue prejudice against the proposed defendants."  Here, Officer Reichert was

---

9. The Court also notes that Plaintiffs' Proposed Fourth Amended Complaint fails to allege any specific conduct on the part of Officer Reichert and, as with Officer Grey, the paragraphs alleging that fictitious defendants taunted and beat Plaintiff were not amended to specifically attribute such conduct to Officer Reichert.  See Proposed Fourth Amended Complaint at ¶¶ 113-14.

deposed as a fact witness on April 26, 2004. <u>See</u> Cornog Cert. at ¶ 22.   Although defense counsel was present at the deposition, counsel asserts that Officer Reichert was viewed as a fact witness. Therefore, under <u>Padilla</u>, being named as a defendant may very well constitute undue prejudice.   <u>See</u> <u>Padilla</u>, 110 Fed. Appx. at 278. However, even assuming that there is no prejudice, Plaintiffs have still failed to sufficiently identify Officer Reichert and have failed to demonstrate diligence in seeking to amend their complaint to assert claims against this proposed defendant.   Consequently, the fictitious pleading rule does not support the late amendment in this case to identify Officer Reichert.

The Court must thus determine whether Plaintiffs' claims against Officer Reichert shall be permitted pursuant to the New Jersey relation back rule, <u>R.</u> 4:9-3. As to the first prong, Defendants contend that the allegations against Officer Reichert did not arise out of the same conduct, transaction or occurrence as alleged in the original complaint, arguing that "Plaintiffs failed to assert any claims against any Gloucester County entity or individual in their original Complaint."   <u>See</u> Gloucester County Def. Br. at 14.   The Court notes, however, that the claims against the Gloucester County Defendants and Officer Reichert appear to arise from the arrest and alleged subsequent treatment of Plaintiff Ernest Davis on August 13, 2000, and the original complaint names "Deputy Sheriff Jane Doe" as "an agent, servant, or employee of Gloucester County Jail." Therefore, the Court finds that the first prong is satisfied here.

With regard to the notification prong, Officer Reichert must have received notice of the possible state claims and the federal 42 U.S.C. §§ 1981, 1983, and 1985 claims before the statute of limitations expired no later than October 26, 2002. See R. 4:9-3. Plaintiffs do not contend that Officer Reichert had actual notice of these claims before the running of the statute of limitations. The Court must thus determine whether Officer Reichert had constructive notice of such claims. As the Court has already found that the fictitious description is insufficient to identify Officer Reichert, the description fails to put Officer Reichert on notice of potential claims against her. Further, Plaintiffs assert claims against named and unidentified Gloucester County deputy sheriffs for their alleged involvement in Plaintiff's treatment and, despite having knowledge of Officer Reichert as a potential defendant earlier in this litigation, Plaintiffs did not choose to amend the complaint to include her until January 26, 2005. Thus, Officer Reichert may have been led to believe that Plaintiffs simply made a "deliberate choice between potential defendants" and chose to sue others. See Lundy, 34 F.3d at 1183. Consequently, Plaintiffs fail to satisfy their burden under R. 4:9-3 to demonstrate that Officer Reichert had timely notice of potential claims against her. Finally, due to the insufficient description of the fictitious defendant, Officer Reichert could not have known that but for a mistake concerning her identity she would be subject to suit, nor do Plaintiffs allege any mistake regarding the identification of the parties. See R. 4:9-3. Therefore, relation back of

27

Plaintiffs' state law claims and federal 42 U.S.C. §§ 1981, 1983 and 1985 claims is not permitted under New Jersey law with respect to Officer Reichert.

        b.   <u>Relation Back under Federal Law</u>

For all of the reasons that relation back is not permitted under Fed.R.Civ.P. 15(c)(1) and (c)(3) with respect to Officer Grey, relation back is similarly not permitted in connection with any of Plaintiffs' claims against Officer Reichert.

        3.   <u>Relation Back with Respect to Claims Against Proposed Defendant Emergency Physician Services</u>

Plaintiffs attempt to assert the same claims against EPS as they seek to assert against Officers Grey and Reichert. In addition, Plaintiffs seek to specifically identify EPS as a defendant in connection with their claims pursuant to 42 U.S.C. §§ 1395dd(d)(2)(A) and 1395dd(d)(3)(A). As set forth above, the statute of limitations as to all of these claims has expired, and Plaintiffs are barred from asserting such claims unless the fictitious pleading rule and/or relation back rule applies.

        a.   <u>Relation Back under New Jersey law</u>

As New Jersey law provides the statute of limitations for Plaintiffs' claims against EPS pursuant to state law and 42 U.S.C. §§ 1981, 1983 and 1985, the Court must determine whether New Jersey law allows fictitious pleading or relation back of these claims.

The Court finds that the fictitious pleading rule does not permit amendment of Plaintiffs' complaint as to EPS. Again, the Court must first inquire as to whether the true identity of EPS was "unknown" to Plaintiffs at the time they filed the original

28

complaint to determine whether fictitious pleading as to EPS was proper. Counsel for Defendant Dr. Arriviello, opposing the motion on behalf of EPS, "acknowledge[s] that plaintiffs may not have known the correct identity of EPS prior to the service of Dr. Arriviello's answers to interrogatories in August 2003." See Brief in Opposition to Plaintiffs' Motion to File Fourth Amended Complaint on Behalf of Defendant Richard Arriviello, Jr., D.O. (hereafter "Arriviello Br.") at 5. The Court finds, however, that Plaintiffs did not make a diligent effort to ascertain the identity of EPS and, having waited nearly three years since filing their complaint, Plaintiffs cannot now assert claims against EPS under the fictitious pleading rule. Plaintiffs allege that they only learned the identity of EPS during the December 21, 2004 deposition of Dr. Nicholas Dalsey, D.O. See Williams Cert. at ¶ 4. However, Dr. Arriviello specifically stated in his answers to interrogatories that he was an independent contractor with EPS and further identified EPS as an entity that provides staffing to Underwood Memorial Hospital. See Answers to Interrogatories, Number 15, attached as Exhibit A to Certification of Charles B. Austermuhl, in Support of Opposition to Plaintiffs' Motion to File Fourth Amended Complaint on Behalf of Defendant, Richard Arriviello, Jr., D.O. (hereafter Austermuhl Cert."). Counsel for Defendant Arriviello certifies that these answers were sent to Plaintiffs on August 7, 2003. Austermuhl Cert. at ¶ 5. In addition, counsel certifies that the entire file maintained by EPS for Dr. Arriviello was provided to Plaintiffs on May 6, 2004.

Id. at ¶ 6.  Defense counsel also certifies that Plaintiffs further questioned Dr. Arriviello about EPS at his deposition on May 27, 2004 and that they were provided with a copy of the contract between EPS and Dr. Arriviello at the deposition.  Id. at ¶ 7.  Thus, although Plaintiffs had discovery identifying EPS as early as August of 2003 and obtained additional discovery in May of 2004, Plaintiffs failed to move to amend the complaint to add EPS until January 26, 2005 and therefore fail to demonstrate diligence in seeking to add the entity as a defendant.

Moreover, even if Plaintiffs' action met the second prong for fictitious pleading, the original complaint does not contain a description of a fictitious party that would put EPS on notice of the claims against it.  Plaintiffs' original complaint asserts claims against "Jane Doe and John Doe" but describes such parties as "officials, agents or employees of the Township of Paulsboro, GCJ or GCSD and acted with -- or made possible through their knowledge and silent complicity -- the events described below[.]" Complaint at ¶ 14.  This description cannot be construed to apply to an entity such as EPS.  Because EPS is not "subsumed within the fictitious party designation," Plaintiffs' motion to amend under the fictitious pleading rule with respect to EPS is denied for this reason.  Love v. Rancocas Hospital, 270 F. Supp. 2d 576, 584 (D.N.J. 2003)(citing Lawrence v. Bauer Publishing & Printing, Ltd., 78 N.J. 371, 396 A.2d 569 (1979) and Viviano, 101 N.J. at 555, 503 A.2d 296).

The Court notes that EPS produced one corporate designee for

deposition and a second corporate designee as a result of Plaintiffs' objection to the alleged lack of knowledge of the first deponent. The Court further notes that a motion is currently pending to preclude any further deposition of EPS. EPS was represented by counsel at both depositions and therefore the Court does not find prejudice under <u>Padilla</u>. <u>See</u> <u>Padilla</u>, 110 Fed. Appx. at 278. Even assuming that EPS will not be prejudiced, the Court finds that Plaintiffs have neither sufficiently described EPS as a party in the original complaint nor diligently sought to amend the complaint to include this entity as a party. Consequently, the Court rejects Plaintiffs' proposed amendment to add EPS as a party under the fictitious pleading rule.

The Court must thus determine whether Plaintiffs' claims against EPS shall be permitted pursuant to the New Jersey relation back rule, <u>R.</u> 4:9-3. It appears that the proposed claims against EPS arise out of the same occurrence as alleged in Plaintiffs' original complaint. However, Plaintiffs do not allege that EPS had actual notice of the claims before the statute of limitations expired no later than October 26, 2002. The Court finds that EPS also did not have constructive notice of such claims before the statute expired. As discussed above, the fictitious description is insufficient for identification of EPS as a party to Plaintiffs' complaint, and it therefore fails to put EPS on notice that Plaintiffs might have a claim against the entity. Plaintiffs assert in their reply brief that because Mr. Austermuhl is counsel for both Dr. Arriviello and EPS, "EPS had constructive notice of

their involvement with providing emergency medical treatment to Ernest Davis on August 13, 2000" under the "shared attorney" method, and Plaintiffs cite Garvin v. City of Philadelphia, 354 F.3d 215 (3d Cir. 2003), in support of their contention. See Pl. Reply Br. at 13-14. The Third Circuit has recognized the "shared attorney" method in which an originally named party and a party sought to be added share an attorney and notice of any potential claims may be imputed to the proposed party by virtue of shared counsel. See Garvin, 354 F.3d at 222-23 (citing Singletary v. Pennsylvania Department of Corrections, 266 F.3d 186, 196 (3d Cir. 2001)). For EPS to have had sufficient knowledge of the claims against it under the "shared attorney" method, Mr. Austermuhl, as counsel for both Dr. Arriviello and EPS, must have had notice of Plaintiffs' claims before the statute of limitations expired no later than October 26, 2002. See Garvin, 354 F.3d at 223 (where defense counsel did not begin to represent defendant until after the statute of limitations expired, "any later shared representation was irrelevant in the relation back analysis."). Although Plaintiffs asserted claims against Dr. Arriviello in a separate case in July 2002 that was consolidated with this case, the record does not show, and Plaintiffs have failed to demonstrate, that Mr. Austermuhl was counsel and had notice of the claims at that time. Plaintiffs filed an amended complaint on December 16, 2002, after the statute of limitations expired on all causes of action, asserting claims against Dr. Arriviello in this matter and an Answer was filed by Dr. Arriviello on March 6, 2003.

An Order for Scheduling Conference signed by the Honorable Joel B.
Rosen and dated January 2, 2003 was only directed to Plaintiffs'
counsel and Allan E. Richardson, Esquire, as attorney for
Defendants Borough of Paulsboro and Kenneth Ridinger.  The first
indication on the record of Mr. Austermuhl's participation in this
case is the certificate of service attached to Borough of Paulsboro
and Kenneth Ridinger's Answer to Amended Complaint, filed on
January 9, 2003, a copy of which was sent to Jay J. Blumberg,
Esquire, at the law firm Blumberg & Lidner of which Mr. Austermuhl
is presently of counsel.  Therefore, even assuming EPS had
constructive notice of the potential claims through Mr. Austermuhl,
there is no showing that Mr. Austermuhl had knowledge of these
claims before the statute of limitations had run, and thus EPS
could not have had timely notice of these claims.  Consequently,
the second prong under Rule 4:9-3 is not satisfied here.

Moreover, due to the lack of a description identifying an
entity such as EPS that might otherwise have put EPS on notice, EPS
could not have known that but for a mistake concerning the identity
of the parties it would be subject to suit, nor do Plaintiffs
allege any mistake regarding the identification of the entity. See
R. 4:9-3. Plaintiffs asserted claims against named and unidentified
doctors at Underwood Hospital for their involvement in Plaintiff's
treatment and, despite having knowledge of EPS earlier in this
litigation, Plaintiffs did not choose to amend the complaint to
include this entity until January 26, 2005.  Thus, EPS may have
been led to believe that Plaintiffs simply made a "deliberate

choice between potential defendants" and chose to sue others. Lundy, 34 F.3d at 1183.   Therefore, the Court finds that relation back is not permitted under New Jersey law.

>        b.   Relation Back under Federal Law

Plaintiffs' claims against EPS under 42 U.S.C. § 1986 and 42 U.S.C. §§ 1395dd(d)(2)(A) and 1395dd(d)(3)(A) are governed by their own limitations provisions, and the Court must thus determine whether these claims relate back under federal law.  Fed.R.Civ.P. 15(c)(1).   The Court must also determine whether the remaining state claims and claims pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 relate back under federal law.  Fed.R.Civ.P. 15(c)(3).   Under the federal relation back rule, EPS must have had notice of the 42 U.S.C. §§ 1395dd(d)(2)(A) and 1395dd(d)(3)(A) claims no later than November 27, 2002.   As discussed above, even assuming the shared attorney method applied to provide EPS with constructive notice of such claims, the earliest Mr. Austermuhl may have learned of such claims was December 16, 2002, the date on which Plaintiffs filed an amended complaint asserting claims against Dr. Arriviello, and the statute of limitations expired on all causes of action by that date.   Thus, the shared attorney method did not provide timely notice, if any notice at all, for relation back purposes.   Finally, for the same reasons the remaining relation back prongs are not satisfied with respect to Officers Grey and Reichert, Plaintiffs have failed to demonstrate relation back applies to the claims against EPS under federal law.

>    **B.   Plaintiffs' Attempt to Add Nurse Coraluzzo and John and**

**Jane Doe, Nurse.**

The Court previously rejected Plaintiffs' attempts to add Nadine Coraluzzo, R.N., and John and Jane Doe, Nurse, as Defendants in this matter.  The Court notes Plaintiffs' assertion that their motion to amend "does not refer to 'Jane and John Doe, Nurses'" and that the proposed Fourth Amended Complaint does not contain Jane and John Doe, Nurses.  See Plaintiffs' Reply Brief at 8.  However, the Court further notes that the proposed Fourth Amended Complaint identifies "Jane and John Doe, Nurse" as a party.  See Proposed Amended Complaint, attached to Pl. Br. at ¶ 37.  In addition, although Ms. Coraluzzo is not named as a party in the caption, several paragraphs in the complaint are drafted in a manner which implies that she is a defendant in this matter.  See, e.g., Proposed Fourth Amended Complaint at ¶¶ 59-61.  While the Court notes Plaintiffs' contention that Plaintiffs' claims against Defendant Underwood Memorial Hospital "rest upon Ms. Coraluzzo's acts, omissions and/or conduct," see Pl. Reply Br. at 11, any allegations against Nurse Coraluzzo as a Defendant in the proposed Fourth Amended Complaint shall be stricken as the Court has previously denied Plaintiffs' attempts in this regard.

**C.  Plaintiffs' Amendment to Add Claims for Wrongful Death and Survival**

Plaintiffs also seek leave to amend the complaint to include claims for wrongful death and survival.  Specifically, Plaintiffs allege that "[a]s a direct and proximate result of all defendants' deliberate indifference, intentional conduct, breach of contract and/or negligence . . . Ernest Davis, decedent, before dying

35

experienced extreme pain and suffering." <u>See</u> Pl. Br. at 3. Moreover, Plaintiffs allege that Plaintiff Ernest Davis died on October 15, 2004 "as a result of his injuries sustained in the occurrences that gave rise to this action." <u>Id.</u> at 4. Finally, in support of their motion Plaintiffs state that an amendment "is not actually prejudicial to any opposing party." Pl. Motion at ¶ 13.

Defendants oppose the addition of wrongful death and survival claims. The Gloucester County Defendants assert that Plaintiffs cannot sustain their cause of action because they cannot prove that any of the Gloucester County Defendants played a role in causing Plaintiff Ernest Davis' injury allegedly sustained in August 2000, nor can they demonstrate that the alleged injury caused Plaintiff's death in October 2004. <u>See</u> Gloucester County Def. Br. at 18, 20. Accordingly, they assert, the amendment is futile. <u>Id.</u> at 18. They also oppose the motion on grounds of prejudice, stating that Plaintiffs have refused to provide "crucial discovery necessary to formulate a defense to Plaintiffs' proposed claims." <u>Id.</u> at 19. Defendant Dr. Arriviello also opposes the amendments on grounds of prejudice, asserting that without Plaintiff's medical records he is unable to prepare a defense to any wrongful death claims and will have an "exceedingly difficult" time preparing a defense to the wrongful survival claims.

As set forth <u>supra</u>, a motion to amend may be denied where the amendment is unduly prejudicial to the adverse party, grounded in bad faith or dilatory motives, delayed without explanation, or futile. <u>See</u> <u>Heyl</u>, 663 F.2d at 425. The Court notes that although

this case has been pending for nearly three years, Plaintiff's death, which gives rise to the causes of action sought to be added here, occurred in October 2004, and Plaintiffs filed this motion nearly three months thereafter.   There is no assertion by Defendants that the wrongful death and survival claims are time-barred.   Rather, Defendants' arguments are based upon futility and prejudice.   The Court notes that "[i]ncidental prejudice is not a sufficient basis for the denial of a proposed amendment.   Prejudice becomes undue when a party shows that it would be 'unfairly prejudiced' or deprived of the opportunity to present facts or evidence which it would have offered."   Morton International, Inc. v. A.E. Staley Manufacturing Co., 106 F. Supp. 2d 737, 745 (D.N.J. 2000)(citing Heyl, 663 F.2d at 426).   Regardless of the stage of proceedings, a defendant is required to demonstrate that its ability to present its case would be seriously impaired if the amendment were allowed.   Bechtel, 886 F.2d at 652; Heyl, 663 F.2d at 426; see also Dole v. Arco Chemical Co., 921 F.2d 484, 488 (3d Cir. 1990) (plaintiff's motion to amend complaint granted where the Third Circuit found no prejudice and reasoned that "[t]he evidence required to meet these new allegations is substantially similar to that which was originally required.").

The Court notes that Plaintiffs' counsel certifies he served the medical records on E. Carr Cornog, III, Esquire, counsel for the Gloucester County Defendants, and the exhibit attached to counsel's certification indicates that the records were sent with a cover letter dated March 3, 2005.   See Counsel's Supplemental

Certification to Brief to Defendants' Opposition to Plaintiffs' Motion to File Fourth Amended Complaint (hereafter "Williams Supp. Cert.") at ¶ 32; see also Exhibit 11, attached to Williams Supp. Cert.  Thus, Defendants have access to Plaintiff's medical records and may prepare their defense to the proposed claims accordingly. To the extent Defendants' alleged prejudice is based on the need to possibly pursue additional investigations and take additional discovery, the Court notes that a trial date has not been set, and although discovery has closed any prejudice caused by the amendment adding the wrongful death and survival claims against the current Defendants may be cured by permitting additional discovery on the cause of Plaintiff's death.  Defendants do not assert that they are precluded from securing witnesses or other discovery on this issue. Consequently, the Court finds that Defendants have not specified a particular prejudice that would warrant denial of the motion to add causes of action for wrongful death and survival in light of the fact that Plaintiff's death occurred in October 2004.

Moreover, for the reasons that follow, the Court concludes that Plaintiffs' proposed causes of action as to the current Defendants as pled are not futile for amendment purposes.  In determining futility, the Court shall conduct the same analysis as that utilized for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Fishbein Family Partnership v. PPG Industries, Inc., 871 F. Supp. 764, 769 (D.N.J. 1994).  "'[F]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Securities Litigation, 114

F.3d 1410, 1434 (3d Cir. 1997).  In deciding a motion to dismiss, the Court must deny the motion "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Fishbein, 871 F. Supp. at 769  (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Rule 12(b)(6) requires the Court to construe all of the allegations in a complaint in the light most favorable to the plaintiff and to accept as true all of the facts in the complaint and all reasonable inferences derived therefrom. Fishbein, 871 F. Supp. at 769.

The New Jersey Wrongful Death and Survival Act, N.J. Stat. Ann. § 2A:31-1 et seq., provides for recovery of damages "[w]hen the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury[.]"  N.J.S.A. § 2A:31-1.  The purpose of the Act is to provide compensation to survivors for the pecuniary losses suffered because of the tortious conduct of another.  Smith v. Whitaker, 160 N.J. 221 (1999).  Plaintiff's causes of action for damages as a result of the August 13, 2000 incident pass to his estate under the New Jersey Survival Act, N.J. Stat. Ann. § 2A:15-3, as discussed at length in the Court's Order granting substitution dated April 21, 2005.[10]  "The recovery, if any, in the survivorship action belongs

_____

10.  The Court notes that Plaintiffs have asserted a separate count for survival, Count XI, in their proposed Fourth Amended Complaint.  Plaintiffs assert therein that the estate has suffered damages resulting from funeral and hospital bills, the costs incurred prior to decedent's death, and Plaintiffs' pain and suffering.  See Proposed Fourth Amended Complaint at ¶¶ 250-

to the decedent's estate." <u>Barbaria v. Township of Sayreville</u>, 191 N.J. Super. 395, 404, 467 A.2d 259 (App. Div. 1983). By contrast, the Wrongful Death Act provides compensation to the decedent's next of kin and dependents for "a deprivation of the reasonable expectancy of a pecuniary advantage which would have resulted by a continuance of the life of the deceased." <u>Kern v. Kogan</u>, 93 N.J. Super. 459, 468, 226 A.2d 186 (Law Div. 1967); <u>see also</u> <u>LaFage v. Jani</u>, 166 N.J. 412, 429, 766 A.2d 1066, 1075 (2001). Because a cause of action for wrongful death is remedial rather than penal in nature, punitive damages are not available under the Act. <u>See</u> <u>Smith</u>, 160 N.J. at 232, 734 A.2d at 248.

The time to bring a cause of action under the New Jersey Wrongful Death Act is two years from the date of the decedent's death. <u>See</u> N.J.S.A. § 2A:31-3; <u>see also</u> <u>Redick v. Rohm & Haas Co.</u>, 97 N.J. Super. 58, 234 A.2d 252 (Law Div. 1967)(where action for wrongful death was not filed until nearly three years after accident, claim was not barred by statute of limitations because it was filed within the two years of decedent's death). Because Plaintiffs filed the present motion three months following the death of Plaintiff Ernest Davis, Plaintiffs' claim is not barred by

---

52. The Court has already permitted Plaintiffs' claims to proceed pursuant to the survival statute, N.J.S.A. § 2A:15-3, against the current Defendants as set forth in the Order dated April 21, 2005. Moreover, any claimed damages for funeral, hospital and medical expenses may proceed under the Wrongful Death claim. <u>See</u> N.J.S.A. § 2A:31-5. Defendants have not opposed the addition of this Survival count and the Court shall permit it with regard to the current Defendants, subject to the parties' rights to file dispositive motions.

the statute of limitations.

To assert a cause of action for wrongful death, Plaintiffs must assert (1) that Plaintiff's death was caused by a wrongful act, and (2) that Plaintiff would have been able to maintain an action for damages had he survived. See Miller v. Estate of Sperling, 166 N.J. 370, 376, 766 A.2d 738 (2001)(quoting N.J.S.A. § 2A:31-1). Plaintiffs' Wrongful Death Claim incorporates the allegations of wrongdoing by the current Defendants set forth throughout the complaint and states that "as a further direct and proximate result of defendant's negligence, deliberate indifference and/or breach of contract subsequently decedent died." Id. at ¶¶ 241.[11] In so doing, Plaintiffs have alleged the first prong of a wrongful death claim. In addition, the Defendants do not dispute that prior to his death Plaintiff Ernest Davis would have been able to maintain an action for damages. Consequently, the second requirement for pleading a wrongful death claim is satisfied as to the current Defendants. The Court notes that the Death Certificate of Plaintiff Ernest Davis indicates that his death on October 15, 2004 was caused by "acute renal failure," "ureteral obstruction -- bilateral," and "acute myelogenous leukemia," and "chronic renal failure" was listed as another significant condition contributing to death. See New Jersey Department of Health and Senior Services Certificate of Death, attached as Exhibit N to Cornog Cert. Based

---

11. The proposed Fourth Amended Complaint has duplicated paragraph numbers. The Court refers to both paragraphs numbered 241.

on the record before the Court, however, and without any medical records or other testimony regarding Plaintiff's death, the Court cannot determine as a matter of law the cause of Plaintiff's death. Defendants' futility argument addresses the merits beyond Rule 12(b)(6), requiring the Court to determine whether the medical records demonstrate that Defendants' alleged wrongful acts did not cause Plaintiff's death.  In deciding the present motion to amend, the Court must accept as true the allegations as pled and all reasonable inferences derived therefrom.  Because Plaintiffs have pled the elements for their wrongful death claim with regard to the current Defendants, the Court will not deny the motion with respect to adding this cause of action.  Rather, Defendants' arguments may be raised by way of a dispositive motion. The Court notes, however, that Plaintiffs' count for wrongful death seeks punitive damages, and this request shall be stricken because such damages are not available for this cause of action.  See Smith, 160 N.J. at 232, 734 A.2d at 248.

Plaintiffs also seek to add the wrongful death and survival claims against Officer Grey, Officer Reichert and EPS.  There is no allegation in the complaint of specific conduct by either Officer Grey or Officer Reichert that demonstrates that Plaintiff's death was "caused by a wrongful act, neglect or default" on the part of either of these proposed defendants as required by the wrongful death statute.  Consequently, Plaintiffs' proposed Fourth Amended Complaint fails to state a claim against these individuals and therefore shall not be permitted.  However, with regard to EPS,

42

Plaintiffs allege that as a result of EPS' negligence, deliberate indifference, and/or intentional conduct, Plaintiff Ernest Davis was injured and "subsequently decedent died." <u>See</u> Proposed Fourth Amended Complaint at ¶¶ 242-41.[12] Moreover, Plaintiffs have timely filed the wrongful death claim against EPS as a defendant. <u>See</u>, <u>e.g.</u>, <u>Miller</u>, 166 N.J. at 372, 766 A.2d at 739 (in determining whether a decedent's failure to timely file a medical malpractice action precluded a later claim for wrongful death resulting from the alleged malpractice, the New Jersey Supreme Court stated that "a wrongful death claim is an independent cause of action that cannot be extinguished by the failure of decedent to maintain a medical malpractice action within the applicable limitations period" and thus reversed the lower court's dismissal of the plaintiff's complaint.). Consequently, the Court will permit Plaintiffs' claim for wrongful death to proceed against EPS at this time. However, Plaintiffs' survival cause of action merely extends the right of Plaintiff Ernest Davis' estate to allow his claims to proceed despite his death. <u>See</u> N.J. Stat. Ann. § 2A:15-3. Because Plaintiff does not have a right to bring such claims against EPS since the statute of limitations has expired and, as noted <u>supra</u>, the claims do not relate back to the original complaint,

---

12. Plaintiffs have specifically alleged that "due to defendants' negligence, deliberate indifference, intentional conduct and/or breach of contract . . . defendants Emergency Physician Services and Dr. Richard Averiello, D.O., [sic] knew or should have known . . . that the condition attending the decedent Ernest Davis' injuries . . . created an unreasonable risk of bodily harm." <u>See</u> Proposed Fourth Amended Complaint at ¶ 242. The Court refers to the first paragraph numbered 242.

Plaintiffs' survival claim shall not be permitted against EPS.

## III. CONCLUSION

Plaintiffs' motion to amend their complaint under Fed.R.Civ.P. 15(a) to add Officer Reichert, Officer Grey or EPS to those claims previously asserted against the current Defendants is denied, as the amendment would be "futile," subject to dismissal for failure to file within the statute of limitations and failure to meet the conditions for relation back and fictitious pleading under New Jersey law and under Fed.R.Civ.P. 15(c)(3). In addition, Plaintiffs' motion to amend their complaint to add claims against Officer Grey or Officer Reichert for wrongful death or survival shall be denied, as Plaintiffs' allegations do not state a cause of action with respect to these proposed defendants. Plaintiffs' motion to amend the complaint to add wrongful death and survival claims as to the current Defendants shall be permitted except that no claim for wrongful death shall include a claim for punitive damages. Finally, Plaintiffs may assert a claim for wrongful death against EPS.

An appropriate Order will be entered.


                              s/ Ann Marie Donio
                              ANN MARIE DONIO
                              UNITED STATES MAGISTRATE JUDGE


Dated: May 24, 2005

cc: Hon. Joseph E. Irenas